THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Richard Kough, Appellant.
 
 
 

Appeal From Richland County
 J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No. 2011-UP-501
Heard October 18, 2011  Filed November 9,
 2011 

AFFIRMED

 
 
 
Appellate Defender Lanelle Cantey Durant and Assistant Appellate
 Defender Breen Stevens, both of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Mark Farthing, all of Columbia, for Respondent.

 
 
 

PER CURIAM: Richard
 Kough appeals his conviction of armed
 robbery, arguing the trial court erred in admitting out-of-court
 identifications and evidence seized during an allegedly illegal search.  We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following: 
1.  Regarding the out-of-court
 identifications:  See Neil v. Biggers, 409 U.S. 188, 199-200 (1972)
 (setting forth a two-prong test to determine whether an identification is
 reliable, including a review of whether the identification process was unduly
 suggestive and a determination, if unduly suggestive, of whether the
 identification was nonetheless so reliable that no substantial likelihood of
 misidentification existed); id. (listing the factors to consider in
 determining reliability: (1) the opportunity of the witness to view the
 criminal at the time of the crime; (2) the witness' degree of attention; (3)
 the accuracy of the witness' prior description of the criminal; (4) the level
 of certainty demonstrated by the witness at the confrontation; and (5) the length
 of time between the crime and the confrontation); State v. Moore, 343
 S.C. 282, 288, 540 S.E.2d 445, 448 (2000) (stating the decision to admit an
 eyewitness identification is in the trial court's discretion and will not be
 disturbed on appeal absent an abuse of discretion).
2.  Regarding the admission of
 evidence obtained during the search:  See State v. Wright,
 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("When reviewing a Fourth
 Amendment search and seizure case, an appellate court must affirm if there is
 any evidence to support the ruling."); State v. Laux, 344 S.C. 374,
 376, 544 S.E.2d 276, 277 (2001) (stating the test of whether a third party may
 grant valid consent to search is "whether the third party possesses common
 authority over or has some other sufficient relationship to the premises or
 effects searched."); id. at 377, 544 S.E.2d at 277 (finding consent
 to a search may be valid based on apparent authority and a police officer's
 reasonable belief that the person authorizing the search has the authority to
 do so); see also Warden v. Hayden, 387 U.S. 294, 296-99 (1967)
 (applying the exigent circumstances exception to the warrant requirement in
 similar circumstances where armed robber was seen by witnesses entering a
 house, police arrived within minutes, police were admitted into the house by a
 person with apparent authority over the premises, and incriminating items were
 found during a search). 
AFFIRMED. 
SHORT, WILLIAMS and GEATHERS, JJ., concur.